# In the United States Court of Federal Claims

No. 19-1302C

(Filed: September 10, 2019)

## (NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **WALTER ALLEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |

Walter Allen, *pro se*, Brooklyn, New York.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Walter Allen has brought suit in this court alleging that the United States Department of Health and Human Services ("HHS") discriminated against him by ignoring and failing to process a civil rights discrimination complaint he filed with the HHS Office for Civil Rights on December 30, 2018. Compl. at 1; *see also* Compl. Ex. 1 at 1-3. In that administrative complaint, Mr. Allen made a series of claims about "[m]isrepresentation" regarding employment benefits and workers compensation apparently related to the termination of his employment. *See* Compl. Ex. 1 at 1. In this court, as compensation, Mr. Allen seeks "one hundred million zillion dollars." Compl. at 1.

Because this court lacks subject-matter jurisdiction, Mr. Allen's claims are DISMISSED.

## BACKGROUND

Mr. Allen's claim arises from a complaint he filed with the HHS Office for Civil Rights on December 30, 2018. Compl. Ex. 1 at 3. He claims that he mailed the complaint to HHS via "priority svcs." but it was "ignored and unprocessed." Compl. at 1. Mr. Allen alleges in the brief handwritten paragraph on the HHS complaint that he was denied "fair hearings," and claims that some unidentified person(s) made misrepresentations to him related to the Department's denial of applications he submitted for social security employment benefits and workers compensation. *See* Compl. Ex. 1 at 1.

Mr. Allen filed his complaint with this court on August 27, 2019. He claims that "all employees involved" violated his civil rights by their "discourtesy in performing . . . [their] duties." Compl. at 1.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Allen, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The Rules of the Court of Federal Claims require that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (*per curiam*). Mr. Allen fails to provide any such statement. The jurisdictional section of his complaint outlines the broad factual premise of his case, but nowhere does he identify any federal statutes or money-mandating constitutional violations that

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

would provide the court with jurisdiction. *See* Compl. at 1-2. Mr. Allen's complaint is unavailing on this basis. An allegation of discourtesy attendant to denial of an application for social security employment benefits and workers compensation benefits, standing alone, is not a basis for damages predicated on unstated federal law.

## CONCLUSION

For the reasons stated, Mr. Allen's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge